### LLOYD MCDANIEL V. STATE.

No. 25267. April 11, 1951.
Rehearing Granted May 23, 1951.

Hon. Fred W. Bankhead, Judge Presiding.

*Ross Huffmaster,* Kaufman, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving an automobile upon a public highway while intoxicated, the jury having assessed a $100 fine as punishment.

There is found in the record what appears to be a photostatic copy of a statement of facts herein.

Art. 760(2), Vernon's Ann. C.C.P., provides that the statement of the facts shall be filed in duplicate with the clerk, and the original sent up as a part of the record of the cause on appeal. As amended in 1931, the provisions of this section apply to misdemeanor cases as well as to felonies.

The instrument filed in this court not being an original statement of fact bearing the approval of the trial judge we are not authorized to consider the same.

The bills of exception relate to matters of evidence and argument, which, in the absence of a statement of facts, cannot be appraised.

Other procedure appears to be regular.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

This cause was heretofore affirmed on account of the fact that we were not furnished with a proper statement of facts herein but instead we had merely a photostatic copy of such statement. We were unable to consider such copy because same was not the original statement of facts as provided by the statute, Art. 760, sec. 2, Vernon's C.C.P.

It now appears that the original statement of facts herein in typewritten form, signed by the attorneys in the case, as well as approved by the presiding judge, was filed in the county court on February 23, 1951, which was well within the time allowed for filing the same

The testimony unquestionably shows that appellant was drunk at the time he was apprehended while standing beside his wrecked automobile. When on the witness stand appellant made the following voluntary statement:

"I think the reason that the beer I drank made me so drunk

and I was so long getting over it was because I had not drunk any whiskey or beer in a year or more."

On cross examination the appellant was asked if he did not owe three fines for drunkenness at the time he was arrested on the charge for which he was now being tried, and was further caused to testify over his objection as follows:

"The next morning after I was arrested on the charge for which I am now being tried, Constable Grimes and Marshall Estep carried me up to the office of Mr. Ramsey, district attorney in Kaufman, and Mr. Ramsey called the city marshall at Jacksonville and talked with him over the long distance telephone, and the city marshall at Jacksonville told Mr. Ramsey, the district attorney in Kaufman, that I owed a fine in the city court at Jacksonville where I was convicted on a charge of drunkenness."

We think this testimony was inadmissible regardless of what appellant might have said as to how long since he had drunk any whiskey on his direct examination. The fact of his drunkenness was not contested by him, but in fact he admitted it. The fact that he had not previously been drunk within the period of time mentioned would not have militated either one way or the other in this case because he was being tried for drunk driving in Kaufman County.

Therefore, the motion for rehearing is granted, the order of affirmance is set aside, and the judgment is now reversed and the cause remanded.