## LESTER HINES V. STATE.

No. 25,835. April 23, 1952.

Hon. Hollis Cathey, Judge Presiding.

*Crunk & Morgan,* Greenville, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Lester Hines was assessed a fine of $25.00 in the county court upon a complaint alleging that he drove a motor vehicle upon the highways of the state after having "heretofore had his operator's license suspended on the 3rd day of May, 1951, for a period of six months."

The first contention is that this is an invalid complaint in that it does not allege that he was a licensee. Reliance is had on Holloway v. State, 155 Tex. Cr. R. 484, 237 S.W. 2d 303. In that case the complaint charged that he had a "Driver's License

revoked." We held that there is no such license provided for in the statute and, therefore, there was no allegation that he was a licensee. In the case now before us it is charged that he had his "operator's license" suspended. We think this allegation is sufficient. If he had a license suspended it follows that he had such a license.

The proof in the case shows some kind of proceeding was had before a justice of peace on the 3rd day of May, 1951, by which it was determined that a person named Lester Hines was an habitual traffic violator. The evidence does not show that it was the same person as appellant. The Lester Hines proceeded against in the justice court did not appear in person. It is further shown by a member of the State Highway Patrol that he ". . . had learned from a letter or written list sent out by the Department of Public Safety, that Lester Hines' name was listed among others whose driver's licenses were suspended." No other evidence was presented to support the charge.

A strenuous objection was made to the foregoing evidence and we think the court erred in admitting it, for which the judgment of the trial court must be reversed.

We do not wish to be understood as holding that the proceeding before the justice of the peace and the order he made thereon were within his constitutional power. That question is not before us.

The judgment of the trial court is reversed and the cause is remanded.