George Gordon RUSHING, Appellant,

v.

The STATE of Texas, Appellee.

No. 27296.

Court of Criminal Appeals of Texas.

Jan. 26, 1955.

On Rehearing April 6, 1955.

Power, McDonald & Mell, Tyler, by Warren McDonald, by Milton Greer Mell, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

BELCHER, Commissioner.

 Appellant was convicted and. assessed a fine of $100 under a complaint and information charging that appellant "did then and there unlawfully drive and operate a motor vehicle upon a public highway, there situate, when the Texas Operator's license of the said George Gordon Rushing was suspended."

No statement of facts accompanies the record.

Appellant challenges the sufficiency of the complaint and information to charge an offense in that it does not allege that appellant had an operator's license, or how, when and by whom any operator's license he may have had was suspended, and does not inform him of the nature and character of the proof he would be required to meet.

The allegations of said complaint and information are sufficient to apprise the accused of the nature of the offense with which he is charged, therefore appellant's motion to quash was properly overruled. Hines v. State, Tex.Cr.App., 248 S.W.2d 156.

Appellant's remaining contentions cannot be appraised in the absence of a statement of facts. Reece v. State, 151 Tex.Cr.R. 425, 209 S.W.2d 177; Gill v. State, 151 Tex. Cr.R. 604, 210 S.W.2d 170; McDaniel v. State, 156 Tex.Cr.R. 126, 239 S.W.2d 630;

Elliot v. State, 156 Tex.Cr.R. 502, 243 S.W. 2d 839; Mason v. State, Tex.Cr.App., 244 S.W.2d 216; Barnes v. State, Tex.Cr.App., 261 S.W.2d 597; Bishop v. State, Tex.Cr. App., 269 S.W.2d 372.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

On Appellant's Motion for Rehearing

WOODLEY, Judge.

A statement of facts timely filed in the trial court has been furnished and will be considered.

Appellant contends that there is no evidence to the effect that a Texas Operator's License was ever issued to him and no showing that any such Operator's License had been suspended.

The evidence, viewed from the standpoint most favorable to the State, showed that appellant was convicted in February 1952 of the offense of driving a motor vehicle upon a public highway while intoxicated, and that he was arrested while driving a motor vehicle on a public road in June thereafter.

 There is no proof that appellant was a licensee prior to his conviction in February for driving while intoxicated. If a license had been issued to him, there is nothing in the record to show that it was a "Texas Operator's License" which was suspended by reason of such conviction. The proof therefore fails to sustain the allegation of the complaint and information that appellant drove a motor vehicle "when the Texas Operator's License of the said George Gordon Rushing was suspended."

Appellant's motion for rehearing is granted, the affirmance is set aside and the judgment is now reversed and the cause remanded.