NEIL ARTHUR GEYER v. STATE

No. 28,079. March 14, 1956.

*Masterson, Williams* and *Smith,* by *Minor M. Smith,* Angleton, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The transcript shows that appellant was tried before a jury. The charge appears in the record, and also an amended motion for new trial, which complains of the admission of evidence within the hearing of the jury and also complains that the verdict is contrary to the law and the evidence in the case. However, we find in the record no verdict of the jury and no judgment based upon a jury verdict.

The transcript contains a judgment, but it recites that it was rendered on a plea of guilty before the court, a jury being waived, and that the court assessed a $50 fine as punishment.

The judgment states that "the Defendant, Neil Arthur Geyer . . . pleaded guilty to D.W.L.S."; adjudges that he is guilty "as charged" and provides for the recovery of a $50 fine and costs.

In the absence of a proper judgment, the conviction cannot be affirmed.

The prosecution was instituted under Art. 6687(b) V.A.C.S., Sec. 34, the complaint and information alleging that appellant did "unlawfully drive and operate a motor vehicle upon a public highway - - - *after* his, the said Neil Arthur Geyer's license and privilege to operate a motor vehicle in the State of Texas had been canceled, suspended and revoked *and without* having obtain *a new* operator's license, commercial license, and chauffeur's license."

We are inclined to agree with appellant's contention that the complaint and information are insufficient to charge the offense defined in Sec. 34 of Art. 6687(b) V.A.C.S.

In Rushing v. State, 161 Tex. Cr. Rep. 334, 277 S. W. 2d 104, we held the complaint and information to be insufficient which alleged that the accused "did then and there unlawfully drive and operate a motor vehicle upon a public highway there situate, when the Texas Operator's license of said George Gordon Rushing was suspended."

We find no allegation in the present complaint or information, the effect of which is to charge that appellant drove a motor vehicle upon a public highway *while, when or during* the time his license or privilege was under suspension, revocation or cancellation.

The judgment is reversed and the prosecution under the present complaint and information is ordered dismissed.