### JOE ALLEN ROBERTS V. STATE

No. 28,577. February 13, 1957.

*Jack Q. Neal,* Graham, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

The former opinion delivered herein is withdrawn, and the following is substituted in lieu thereof:

The offense is the driving of a motor vehicle while intoxicated upon a public highway; the punishment assessed, three days in jail and a fine of $50.

Highway patrolmen testified that they apprehended appellant driving his automobile upon a public highway and that he was intoxicated at the time. Appellant was arrested and carried to jail. The sheriff, who observed him at the time, testified that he was then intoxicated.

A quart of wine in a half-gallon container was found in the automobile at the time of arrest.

Appellant denied that he was intoxicated. He admitted having taken three or four drinks of the wine while traveling from Odessa to Albany, but in that connection, he stated that "he was not too much of a drinking man."

The issue of intoxication was closely contested under the facts.

A bill of exception reflects that upon cross-examination of appellant state's counsel propounded to him the following question:

"Is it not a fact that you were arrested and plead—guilty on this last Saturday night to a charge of being drunk in Stephens County, Texas—and paid a fine therefor?"

Appellant's objection to the asking of the question was that it was highly prejudicial and related to an extraneous offense not in any manner connected with the case.

The question was not answered and the jury were instructed not to consider the question for any purpose.

The qualification to the bill of exception shows that the question was asked for the purpose of impeaching the credibility of the appellant as a witness.

The question propounded, as well as the answer sought to be elicited thereby, was not admissible for any purpose. Gonzales v. State, 159 Texas Cr. Rep. 108, 261 S.W. 2d 577; Lovett v. State, 158 Texas Cr. Rep. 550, 258 S.W. 2d 335; McDaniel v. State, 156 Texas Cr. Rep. 126, 239 S.W. 2d 630.

It must be remembered that appellant had not testified that he was a total abstainer of intoxicants or that he had never been intoxicated; he merely testified that "he was not too much of a drinking man." This testimony would not authorize the state to prove that appellant had been theretofore convicted of drunkenness.

In view of another trial, the opinion is expressed that the testimony as to the alcoholic properties of other intoxicants and the inferences to be drawn therefrom should not be admitted in evidence.

For the error discussed, the judgment is reversed and the cause is remanded.