## GILBERT SYDNEY CRAWFORD V. STATE

No. 32,480. November 23, 1960

Appellant's Motion for Rehearing Oevrruled January 11, 1961

*W. J. Duke* and *Gladys Melton,* Dallas, 2, for appellant.

*Henry Wade,* Criminal District Attorney, *William D. Cox Jr., Sam Stollenwerck, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted of driving an automobile while his chauffeur's license was suspended and his punishment assessed at 4 months in jail and a fine of $500.

Immediately after Officer Brown on October 22, 1959, observed the appellant operating an automobile upon a public highway, he asked the appellant for his chauffeur's license and appellant told him that he had none because it had been suspended.

Officer Vickers of the Texas Department of Public Safety testified that he knew the appellant and that he had before him the records pertaining to the chauffeur's license of the appellant,

and that it was suspended by said department effective December 30, 1958 and the suspension was to expire December 29, 1959. Notice of the suspension according to said records was mailed to the appellant at his mailing address. He further testified that he and the appellant on June 29, 1959, discussed the suspension, at which time the appellant was informed that his license was suspended and the suspension would expire December 29, 1959.

Appellant did not testify or offer any evidence in his behalf.

The evidence is sufficient to support the conviction.

The contention presented for the first time in this court is that the information is fatally defective because it did not allege the affirmative findings of the court on which the order of suspension was based.

An examination of the information reveals no fatal defects and its allegations sufficiently apprise the accused of the offense charged. The contention is overruled. Billingslea v. State, 160 Tex. Cr. Rep. 244, 268 S.W. 2d 668; Rushing v. State, 161 Tex. Cr. Rep. 334, 277 S.W. 2d 104.

The complaint that Officer Brown was permitted to testify that the appellant told him that his license had been suspended on the ground that he was under arrest cannot be sustained as the evidence fails to show that he was at that time under arrest.

The judgment is affirmed.

Opinion approved by the Court.