**Lee Andre DERAMEE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36400.**

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

Robert B. Hershey, Dallas, for appellant.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while license suspended; the punishment, a fine of $150.00. No statement of facts accompanies the record.

Appellant contends that the court erred in overruling his motion to quash because the complaint did not disclose whether or not he was being charged with violating Article 6701h, Section 32(c) or Article 6687b, Section 34 of Vernon's Annotated

Revised Civil Statutes of the State of Texas. The complaint charged that appellant "on or about the 5 day of May A. D. 1962 in the County of Dallas and State of Texas, did unlawfully in and upon a public highway then and there drive a motor vehicle when the operator's license of the said defendant was then and there suspended."

 In Rushing v. State, 161 Tex.Cr.R. 334, 277 S.W.2d 104, a complaint containing substantially the same language as that of the complaint in the case at bar was held to be sufficient to charge the offense defined by Article 6687b, Section 34. See also Gregg v. State, Tex.Cr.App., 339 S. W.2d 539 and Geyer v. State, 162 Tex.Cr. R. 531, 287 S.W.2d 948.

Appellant further contends that Article 6701h, Section 32(c) and Article 6687b, Section 34 each provide a different penalty for the same offense and are so indefinite as to be inoperative insofar as the complaint against the appellant is concerned.

■ A careful reading of the statutes involved reveals that they do not provide different penalties for the same offense. Article 6701h is a part of the Texas Motor Vehicle Safety-Responsibility Act which provides for suspension of licenses when certain provisions of the Act are not complied with. Article 6687b provides for suspension of licenses on grounds that are separate and distinct from those found in Article 6701h.

Each statute contains language that limits its applicability only to those cases in which the license has been suspended under the authority of said statute. It is apparent that in enacting Article 6701h it was not the legislative intent to repeal or amend Article 6687b, but instead to provide additional and distinct grounds for the suspension of licenses. Section 39 of Article 6701h reads as follows:

"This Act shall in no respect be considered as a repeal of the motor vehicle laws of this State but shall be construed as supplemental thereto."

The court therefore correctly overruled appellant's motion to quash the complaint.

Finding no reversible error, the judgment of the trial court is affirmed.