William B. CHAMBLEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 36597.

Court of Criminal Appeals of Texas.

March 25, 1964.

No attorney of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The conviction is for the felony offense of drunk driving; the punishment, a fine of $200.

Howard Alfred, Highway Patrolman of the Texas Department of Public Safety, testified that he saw the appellant driving a car "astraddle" the lane divider line on a public highway in Gregg County on or about June 17, 1962.

He turned and followed him and saw that he was driving from lane to lane. The appellant changed lanes seven times before he got him stopped.

When the appellant got out of the car "he walked rather unsteady on his feet; * * * he talked kind of thick tongued," he could smell intoxicating beverage on appellant's breath and the appellant was, in his opinion, intoxicated.

He also testified that as he started to the car a beer can came out of the right side of the car.

From the appearance, conduct and odor of alcohol on her breath, the lady passenger in the car the appellant was driving, in the opinion of the officer, was also intoxicated.

Certified copies of the complaint, information and judgment in Cause 9627 in the District Court, Cass County, one of the two previous misdemeanor convictions for drunk driving alleged in the indictment, were introduced, the judgment bearing date January 27, 1958.

A portion of the driving record of William Benjamen Chamblee certified by the Custodian of Driver Records, Driver and Vehicle Records of the Texas Department of Public Safety, was offered.

This record shows the issuance of Texas Operator's License #0240411, describing the licensee and showing its renewal as a Texas Commercial Operator's License to expire on November 3, 1963. It also shows notice of conviction for driving while in-

758

toxicated in Cause 9627, District Court, Cass County, January 27, 1958.

The license from which the arresting officer testified he took the name and description of the appellant bore the same number and description as the record introduced.

 We overrule the contention that the appellant was not sufficiently identified as the defendant who was convicted in the prior conviction in Cass County alleged in the indictment. See Rice v. State, 163 Tex. Cr.R. 367, 292 S.W.2d 114; Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654; Gregg v. State, 170 Tex.Cr.R. 202, 339 S. W.2d 539.

The jury resolved the fact issue against the appellant and the evidence is sufficient to sustain the verdict.

Finding no reversible error, the judgment is affirmed.