Morris ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36679.

Court of Criminal Appeals of Texas.

April 1, 1964.

J. M. Deavenport, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

 The offense is driving while license suspended; the punishment, a fine of $125.00 and one day in jail. No statement of facts accompanies the record on appeal. However, the transcript contains a motion to quash the complaint on the grounds it did "not sufficiently apprize this defendant under which statute and subsection thereof this defendant stands charged." The complaint and the information merely charged that appellant drove a motor vehicle upon the public highway when his operator's license was suspended. This form of complaint and information has heretofore been approved in Deramee v. State, Tex.Cr.App., 372 S.W.2d 701. Such case is hereby overruled insofar as it holds the form of the complaint and information was not subject to the exception. We further observe that we have in Crawford v. State, Tex.Cr.App., 341 S.W.2d 454; Gregg v. State, Tex.Cr. App., 339 S.W.2d 539; Geyer v. State, 162 Tex.Cr.R. 531, 287 S.W.2d 948; Rushing v. State, 161 Tex.Cr.R. 334, 277 S.W.2d 104; and Hines v. State, 157 Tex.Cr.R. 205, 248 S.W.2d 156, held the above form of the information to be proper in a prosecution under Article 6687b, Sec. 34 Vernon's Ann. Civ.St., but in none of them was there an exception or a motion to quash raising the grounds asserted in Deramee and the case at bar. This form of complaint in a prosecution under Article 6687b, Sec. 34, V.A.C.S. is also set forth in the 1958 pocket part in Willson's Criminal Forms, 6th Edition as Section 1119, p. 32.

Upon reexamination of The Motor Vehicle Law (Article 6687b V.A.C.S.) and the Texas Motor Vehicle Safety Responsibility Act (Article 6701h V.A.C.S.) which is supplemental thereto, we have concluded that a complaint and information charging the offense of driving while license suspended is subject to exception or motion to quash on the ground that it fails to recite under which Article the license was suspended.

 We overrule appellant's contention that both Articles are unconstitutional be-cause they both charge the same offense but provide different punishments. We hold that each is a separate offense (the difference being the grounds upon which the license was canceled or suspended).

The judgment is reversed and the prosecution under this complaint and information is dismissed.