George Kerry DRAKE, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 14598.

Court of Civil Appeals of Texas.

Houston.

June 24, 1965.

Rehearing Denied Sept. 9, 1965.

Don Brown, La Marque, and Engelke, Brown & Holbrook, La Marque, of counsel, for appellant.

Jules Damiani, Jr., Criminal Dist. Atty. of Galveston County, and Ronald L. Wilson, Asst. Criminal Dist. Atty. of Galveston County, for appellee.

WERLEIN, Justice.

From appellee's order suspending appellant's Texas Operator's License for a period of twelve months, made after an administrative hearing in the Justice of the Peace Court, Precinct 5, Galveston County, Texas, on February 5, 1964, appellant appealed to the County Court No. 2 of Galveston County, praying that said order of suspension be set aside. That court granted a

summary judgment on December 17, 1964, authorizing appellee to suspend appellant's driver's license for one year under Article 6687b, Section 23, Vernon's Annotated Texas Statutes, and denied appellant's motion for summary judgment. Appellant on appeal to this Court contends that the court's action in both respects was contrary to law.

Appellee alleged in its second amended original answer that appellant "has committed an offense for which automatic suspension of license is made upon conviction under Article 6687b, Section 22B, V.A.T.S. to-wit: Driving While License Suspended in Harris County, Texas, on or about the 20th day of August, A.D. 1963." Appellee also alleged that "George Kerry Drake, was convicted of Driving While License Suspended in Cause Number 11,276 in County Court No. 2 of Galveston County, Texas, on the 23rd day of April, A.D. 1963, * * *."

Appellee prayed that its action in suspending appellant's Texas Operator's License No. 0659270 and driving privileges issued to appellant be in all things confirmed as being in conformity with the law, "and that the suspension of any and all licenses issued to Plaintiff (appellant) herein be made effective upon final judgment in this cause, * * * and that such suspension continue for such period as set forth in the order issued by the Texas Department of Public Safety on or about the 19th day of February, 1964; * * *."

Appellee pleaded in its second motion for summary judgment, which was granted, "C. Section 22(b) of Article 6687b, which declares:

" 'The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee: has committed an offense for which automatic suspension of license is made

upon conviction, to-wit: Driving While License Suspended.' "

In answer to appellee's said motion for summary judgment, appellant pleaded in his counter-motion for summary judgment the following definition of the offense of "Driving While License Suspended":

"Section 24(c) of Article 6687(b) of Texas Revised Civil Statutes, which reads as follows:

" 'The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such extended period of suspension to be for a like period as the original suspension, and is in addition to any other penalty assessed, as provided in this Act.' "

The summary judgment from which appeal has been taken decrees: "that Defendant's Motion for Summary Judgment be granted, thereby authorizing the Defendant to suspend said Plaintiff's operator's license No. 0659270 and driving privileges for a period of time not to exceed one (1) year, as provided in Article 6687B, V.A.T.C.S., Section 23; * * *." Section 23 of such Article merely provides that "The Department shall not suspend a license for a period of more than one (1) year." It does not authorize the suspension of a license for conviction of operating a motor vehicle while the license of such operator is suspended.

We find no provision in Article 6687b, Sec. 22, authorizing the *suspension* of a driving license because a person operates a motor vehicle while his license is suspended. Section 22(b) does grant to the Department the authority to suspend an operator's license upon determining after a proper hearing that the licensee is guilty of any one of some nine different things, including: "1 Has committed an offense for which automatic suspension of license is made upon conviction." Article 6687b,

Section 24(a), which provides for automatic suspension of license, enumerates five different offenses for which a license shall be suspended upon conviction. It does not include in such enumeration the operation of a motor vehicle by one whose license has been suspended. Article 6687b, Section 24(c), hereinabove set out, however, does provide that the suspension of any license shall be automatically *extended* upon conviction of operating a motor vehicle while the driver's license is suspended; "such extended period of suspension to be for a like period as the original . suspension * * *." The Department, therefore, had the authority to extend appellant's period of suspension, if such existed, for a like period after the original suspension. The trial court could not give the Department greater authority than provided in the statute.

It is necessary, therefore, to determine whether appellant's driver's license was suspended at the time he was convicted of driving while his license was suspended, and if so, the period for which it was suspended. Appellee based its second motion for summary judgment in part upon the affidavit of Jessie C. Lewis, Deputy Custodian of the Department of Public Safety, Driver & Vehicle Records Division of the State of Texas, which affidavit purports to have been made upon personal knowledge. The affiant sets out the operating record of George Kerry Drake, the holder of Texas Operator's License No. 0659270. It is a long record extending back to November 22, 1961 when there was an affirmative finding that said licensee was an habitual violator of the traffic laws. It will not be necessary in deciding this case to set out the entire record.

██ Appellee pleaded and the record shows that appellant was convicted on April 23, 1963 of driving on April 10, 1963 while his license was suspended, and that his license was suspended for an additional six months from August 27, 1963. This suspension would continue until February 27, 1964.

The record also shows that on November 20, 1963 appellant was convicted of driving on August 20, 1963 without a valid operator's license. There is no pleading covering this offense nor is there any record of any suspension or extension of suspension by the Department covering such offense. Appellant's exceptions to paragraphs II and IV of appellee's request for admissions referring to this offense were properly sustained. The summary judgment of the trial court was not based upon the conviction for the offense of driving without a license on August 20, 1963.

██ The Department's order attacked herein by appellant, made on February 19, 1964, orders the suspension of appellant's license for twelve additional months effective from February 27, 1964. Under Sec. 24(c) of Article 6687b, V.A.T.S., appellant's suspension was authorized for only an additional six months since the original suspension upon which the Department's order was based was for six months. This will extend the suspension until August 27, 1964. Appellant's petition was filed on March 3, 1964. The filing of the petition abated the suspension under Article 6687b, V.A.T.S., Section 31, from the date of such filing until final judgment herein. It is our view, therefore, that the judgment of the trial court was in error and should be modified by ordering that the suspension of appellant's license be extended for a period of six months from February 27, 1964, the effective date of suspension, and continue from date of final judgment herein, after crediting time elapsed from February 27, 1964 to March 3, 1964. Article 6687b, Section 31; Texas Department of Public Safety v. Perlman, Tex.Civ.App., 340 S.W.2d 522.

██ In passing on appellee's motion for summary judgment, the court had before it in evidence the pleadings and exceptions of the parties, the affidavit of Jessie C. Lewis, Deputy Custodian of the Department of Public Safety Driver & Vehicle Records Division, the motions of both appellant and appellee for summary judgment, appellee's

request for admissions and appellant's response thereto. We are of the opinion that such evidence was and is sufficient to support an order extending appellant's driver's license suspension for a period of six months from February 27, 1964, as herein above stated. Appellant in his original petition on appeal from the order of the Department pleaded his Operator's License No. 0659270 and attached to his plea the order of the Department which identifies him as having such license number. In said affidavit of Jessie C. Lewis the record is the record of George Kerry Drake, the holder of said Texas Operator's License No. 0659270 which appellant alleged was his license number. The present action is not one for the conviction of a criminal offense and punishment therefor. If it were, it would not be before this Court. The cases cited by appellant bearing upon the sufficiency of an information in a criminal prosecution are not applicable to the factual situation in the present case.

 Furthermore, it is our view that the trial court properly considered as admitted the request for admission by appellant that he was the same George Kerry Drake who was convicted on April 23, 1963 of driving while his license was suspended. Appellant's response to this request for admission was evasive and showed no effort to ascertain the fact inquired about. The court had before it the request and response and it had the authority to consider the same without any motion to deem such answer admitted. Rule 169, Texas Rules of Civil Procedure; Montgomery v. Gibbens, Tex.Civ.App., 245 S.W.2d 311; McPeak v. Texas Department of Public Safety, Tex.Civ.App., 346 S.W.2d 138.

 There is no reversible error in connection with the trial court's action in denying appellant leave to withdraw his notice of appeal and file a motion for new trial. The court's judgment was entered December 17, 1964. On December 28, 1964 (December 27, 1964 falling on a Sunday), appellant filed his motion to withdraw his

notice of appeal and to file a motion for new trial, which motion the court denied. There was no good reason or necessity for filing such motion. The giving of notice of appeal was only a preliminary step in the procedure provided for appellate review. It did not prevent appellant from filing of a timely motion for new trial. The trial court's permission or denial could not in any way affect appellant's right to file an original motion for new trial regardless of whether he had given notice of appeal. No court has the authority to deny a litigant the right to file a motion for new trial nor to hold one in contempt for doing so. This Court will presume that the trial court denied appellant's motion because it was an unnecessary motion and one that requested the court to do an unnecessary thing and one not within its province. It will also be presumed that the trial court would not have held appellant in contempt of court had appellant filed his motion for new trial, as he had the right to do, although the court had denied appellant's motion previously filed. Our Supreme Court has recently held that although Rule 329b, T.R.C.P., provides that an amended motion for new trial may be filed by leave of court within the time provided by such rule, the filing of an amended motion is a matter of right and it will be considered even though it is filed without leave of court. The rule does not require leave of court to file an original motion for new trial. See Consolidated Furniture Company v. Kelly, Tex.Sup.1963, 366 S.W.2d 922.

 Appellant contends that the trial court erred in overruling his special exception to appellee's second motion for summary judgment on the ground that appellee's first motion for summary judgment had been overruled and there is no authority for filing a second motion for summary judgment. The first motion was filed March 17, 1964 and the second motion was filed November 3, 1964. The first motion was obviously incomplete and was excepted to by appellant. After such motion was overruled on May 11, 1964, additional pleadings were

filed including appellee's second amended original answer and first supplemental answer, and additional evidence was submitted including appellee's request for admissions and appellant's response thereto, and also the affidavit of Jessie C. Lewis covering the driving record of appellant. Rule 166–A, T.R.C.P., provides:

> "(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Appellee's second motion for summary judgment was quite different in several respects from its first motion. We know of no rule of law that would prevent appellee under the circumstances of this case from filing a second motion for summary judgment after its first motion has been overruled. Furthermore, appellant has failed to show that the court committed any error in granting appellee's second motion for summary judgment that resulted in harm or prejudice to appellant.

█ Appellant complains that the trial court erred in overruling his Special Exception No. III to the affidavit of Jessie C. Lewis because such affidavit contains only conclusions of the affiant. The affidavit of Jessie C. Lewis, Deputy Custodian of Records, Driver & Vehicle Records Division, Department of Public Safety, constituted a certificate made in the performance of his office and official duties. In such affidavit the affiant certified to appellant's driving record as shown by the records of the Driver & Vehicle Records Division of the Department of Public Safety. Such certificate showing the operating record of appellant was admissible as prima facie evidence of the matters stated therein. Article 3731a, Secs. 1 and 3, V.A.T.S.; Texas Department of Public Safety v. Miller, Tex. Sup., 386 S.W.2d 760; Texas Department of Public Safety v. Richardson, Tex.Sup. 1964, 384 S.W.2d 128, and cases cited

therein; Rice v. State, 163 Tex.Cr.R. 367, 292 S.W.2d 114; Goolsby v. State, 166 Tex. Cr.R. 180, 312 S.W.2d 654; Tennison v. State, 168 Tex.Cr.R. 354, 327 S.W.2d 575; Gregg v. State, 170 Tex.Cr.R. 202, 339 S.W. 2d 539.

We have carefully considered appellant's remaining assignments of error. They relate in large measure to complaints hereinabove discussed, and are overruled.

Under Rule 435, T.R.C.P., this Court is authorized to render such judgment against the appellant as should have been rendered by the court below. Accordingly, the judgment of the trial court is modified by changing the suspension period of appellant from twelve months to six months. Since Article 6687b, Sec. 31, provides that the filing of appellant's petition abates the suspension until final judgment, the suspension which is extended for six months from February 27, 1964 will continue from date of final judgment herein, after crediting time elapsed from February 27, 1964 to March 3, 1964, when appellant's petition was filed.

Judgment of the trial court, as modified, is affirmed.