**Olson Clifford ALLISON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40988.**

Court of Criminal Appeals of Texas.

Jan. 31, 1968.

 

Lee Nowlin, Frank Gaston, Plainview, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the subsequent offense of driving while intoxicated; the punishment, two years in the Department of Corrections.

· The imposition of sentence was suspended by the court and appellant was placed on probation.

This is an appeal from the judgment of conviction at the time appellant was placed on probation. Art. 42.12, Sec. 8, Vernon's Ann.C.C.P.

As grounds for reversal, the appellant contends that the trial court erred in admitting in evidence the complaint, information, and judgment in the prior alleged conviction, and also in admitting a certified copy of his driver's license record. To the admission of said evidence, he objected on the ground that no proper predicate had been laid; that there is a variance between the date of the judgment of conviction and the date of the judgment shown in the driving record; that the alleged prior judgment was not final; and that the proper identification of the appellant was not made.

An examination of the record evidence reveals that it was properly authenticated to authorize its admission in evidence. Art. 3731a, Vernon's Ann.Civ.St.

The indictment alleges that the prior conviction was had on September 20, 1948. The driving record shows that the date of the

offense was September 19, 1948. The prior judgment of conviction as well as the driving record shows that the alleged prior judgment of conviction was had September 20, 1948. There is no variance.

The complaint in the record of the state's demand of the appellant to produce his driver's license or secondary evidence would be offered to make such proof will be considered as unassigned error. Art. 40.-09, Sec. 13, C.C.P.

In the presence of the jury while the state was making out its case in chief, the district attorney made demand of the appellant to produce his driver's license or secondary proof thereof would be offered.

The appellant objected to such demand on the ground that it called for him to testify and offer evidence against himself, and moved the court to instruct the jury not to consider it.

The court sustained the objection and instructed the jury to disregard the demand for any purpose.

Next, Officer Nichols, having testified that the appellant delivered to him his driver's license at the scene, further testified, without objection, to the number of the Texas Commercial Operator's License, address, date of birth, and the physical description shown thereon including height, weight, color of hair and eyes.

The duly authenticated driving record of Olson Clifford Allison was introduced in evidence. This record contains the same information and data as shown by the testimony of Officer Nichols.

The appellant did not testify, but called his wife as a witness, and she testified that he was Olson Clifford Allison, "the defendant in this case."

In light of the court's action in sustaining appellant's objection and instructing the jury not to consider the demand, Officer Nichols' testimony, and the driving record, no reversible error is shown.

**328**

■ The failure of the proof to identify the appellant as the defendant in the alleged prior conviction is urged as a ground of error.

The testimony of Officer Nichols, that of appellant's wife, and the driving record which included the physical description of the appellant, was sufficient to authorize the jury's finding that he was the person previously convicted as alleged. Gregg v. State, 339 S.W.2d 539, 170 Tex.Cr.R. 202; Chamblee v. State, Tex.Cr.App., 376 S.W.2d 757.

■ Another ground presented as error is that the state failed to prove the finality of the judgment in the alleged prior conviction. If said prior conviction was not final, it became a matter of defense subject to proof. In the absence of such proof, no error is shown. Whiddon v. State, 160 Tex.Cr.R. 23, 266 S.W.2d 167.

The judgment is affirmed.