

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 24, 1970

Honorable Joe D. Meroney        Opinion No. M- 653
County Attorney
Freestone County                Re: Questions regarding proceed-
Teague, Texas  75860                ings in Justice Court for
                                    suspension of license follow-
                                    ing operator's refusal to sub-
Dear Mr. Meroney:                   mit to chemical breath test.

        Your request for an opinion concerns hearings conducted
before a justice of the peace under the provisions of Article
802f, Vernon's Penal Code, and Article 6687b, Section 22(a),
Vernon's Civil Statutes, for the purpose of suspending the
license of an operator who has refused to submit to a chemical
breath test, and presents the following questions:

        1.  Is it the duty of the county attorney to represent
the state in these matters?

        2.  Must the person representing the State of Texas be
a licensed attorney?

        3.  Would the licensee have the right to file a plea of
privilege?

        Article 802f, V.P.C., provides, generally, that a person
arrested for the offense of driving while intoxicated is deemed
to have given his consent to a chemical breath test.  Upon his
refusal to submit to such a test, the Department of Public
Safety may suspend such operator's driving privileges for a
period as ordered by the Court, not exceeding one year, follow-
ing a hearing (as provided in Art. 6687b, Sec. 22(a), V.C.S.)
before the mayor of the city, or judge of the police court,
or a justice of the peace in the county or subdivision thereof
where the operator or licensee resides upon a finding "that
probable cause existed that such person was driving or in
actual physical control of a motor vehicle on the highway while
under the influence of intoxicating liquor at the time of the
arrest by the officer."

        Article V, Section 21 of the Texas Constitution imposes
the following duty upon county attorneys:

-3129-

"The County Attorneys shall represent the
State in all cases in the District and in-
ferior courts in their respective counties;"

However, it is well settled that license suspension hear-
ings provided by Section 22(a) of Article 6687b, are admin-
istrative proceedings, Drake v. Texas Dept. of Public Safety,
393 S.W.2d 320 (Tex.Civ.App. 1965, error ref., n.r.e.); Hall v.
Texas Dept. of Public Safety, 413 S.W.2d 470 (Tex.Civ.App. 1967,
no writ); Prince v. Garrison, 248 S.W.2d 241 (Tex.Civ.App. 1952,
no writ), and concern the administrative and regulative power
vested in the department, Texas Department of Public Safety
v. Richardson, 384 S.W.2d 128, 132 (Tex.Sup. 1964).

These hearings are semi-judicial in nature, King v. Texas
Department of Public Safety, 362 S.W.2d 131, 133 (Tex.Civ.App.
1962), reversed on other grounds, 366 S.W.2d 215 (Tex.Sup.
1963), and the designated magistrates act in the capacity of
administrative agents for the purpose of making affirmative
findings of fact, not as judicial tribunals or courts. State
Dept. of Public Safety v. Cox, 279 S.W.2d 661 (Tex.Civ.App. 1955,
error ref. n.r.e.).

Finding no authority imposing a prescribed duty upon the
county attorney to represent the state in these administrative
proceedings, we answer your first question in the negative; how-
ever, the county attorney may represent the interests of the
state in such matters if he chooses, although he is not required
to do so. See Howth v. Greer, 90 S.W. 211 (Tex.Civ.App. 1905,
error ref.), and Texas Dept. of Public Safety v. Hicks, 439 S.W.2d
894 (Tex.Civ.App. 1969, no writ).

Inasmuch as suspension hearings conducted under Article
6687b, Section 22(a) are administrative rather than the judicial
functions of a court, there are no specific rules of procedure
other than those outlined by the statute. We find no requirement
that the person representing the state must be a licensed
attorney.

In answer to your question whether a defendant has the
right to file a formal plea of privilege as authorized by Rule
86, Texas Rules of Civil Procedure, we answer that defendant
does not have this right, because this is an administrative hear-
ing. A formal plea of privilege under Rule 86 is not authorized
in this administrative type of proceeding. However, a defendant

is entitled to have the hearing in the county of his residence and may timely present to the magistrate his objection to the hearing in any county other than the county of his residence. The relevant portion of Article 6687b, Section 22(a), Vernon's Civil Statutes, reads:

> " . . . jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides . . ." (underscoring added).

See Darrow v. Texas Department of Public Safety, 392 S.W.2d 785 (Tex.Civ.App. 1965 no writ).

## SUMMARY

Hearings conducted under the provisions of Article 6687b, Section 22(a), V.C.S., for the purpose of suspending driving privileges following refusal to submit to a chemical breath analysis as provided by Article 802f, V.P.C., are administrative proceedings, and it is not the duty of a county attorney to represent the state in such matters; however, he may represent the state if he chooses, although he is not required to do so.

License suspension hearings conducted under Article 6687b, Section 22(a), V.C.S., are administrative proceedings and there are no specific rules of procedure other than those outlined by the statute. We find no requirement that the person representing the state in such proceedings must be a licensed attorney.

A formal plea of privilege under Rule 86, Texas Rules of Civil Procedure, is not authorized; however a defendant is entitled to have the hearing in the county of his residence and may timely present to the magistrate his objection to the hearing in any county other than the county of his residence.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton and
Ben M. Harrison,
Assistant Attorneys General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Harold Kennedy
William J. Craig
Mitchell Williams
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED L. WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General