## PAT SOLON *v.* THE STATE.

1. JURISDICTION OF COUNTY AND JUSTICES' COURTS. — Under the present Constitution and laws of this State, the County Courts and the justices' courts have concurrent jurisdiction of misdemeanors wherein the maximum fine does not exceed $200.    Note in the opinion the collocation and review of the constitutional and statutory provisions from which the above ruling is deduced.

2. JURISDICTION. — Courts cannot transcend the authority of the law of their creation, and are dependent on it for their jurisdiction and the extent of their powers.    Their jurisdiction cannot be enlarged by intendment, so as to embrace objects not expressed in that law.    Observe the application of this principle to certain acts of the Fifteenth Legislature, which seem to imply that justices of the peace have been invested with exclusive jurisdiction over a certain class of misdemeanors.

APPEAL from the County Court of Ellis.    Tried below before the Hon. J. D. TEMPLETON, County Judge.

*Albert Longley*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.    This prosecution was a joint one against appellant and one T. W. Phelps, under the provisions of

article 2011, Paschal's Digest, defining and punishing an affray, or the fighting together of two or more persons in a public place. The statute reads: "If any two or more persons shall fight together in a public place, they shall be punished by fine not exceeding one hundred dollars." The proceedings were begun by indictment, presented and filed in the District Court. That court afterwards transferred the case for trial to the County Court, and the trial and conviction from which this appeal is taken was had in the latter court.

On this appeal there is but a single question submitted for our adjudication; and inasmuch as it is made to appear most concisely in the third subdivision of the assignment of errors, we copy it as there stated, in these words, viz.: "The [county] court erred in rendering judgment herein, because the said County Court had no jurisdiction of the alleged offence at the time of the trial, the offence charged being a misdemeanor, the highest fine for which is and was one hundred dollars."

It is contended that, under the present system of laws now in force in this State, courts of justices of the peace have exclusive jurisdiction in all cases of misdemeanor, or where the fine to be imposed does not exceed $200, and that, consequently, in all such cases the County Court has no jurisdiction to hear and determine them.

It is believed that this is the first case in which this isolated question has been clearly, fairly, and unequivocally presented since the adoption of the present Constitution, and the laws passed and now in force in pursuance of its provisions. Its determination must depend upon the construction to be given to the constitutional and legislative provisions conferring jurisdiction upon County Courts and courts of justices of the peace. We have encountered no little difficulty, in our efforts to harmonize these various provisions, in the solution of the proposition.

Beginning with the Constitution, when we look to the

"Judicial Department," as contained in article 5, we find that the sixteenth section provides that "the County Courts shall have original jurisdiction in all misdemeanors of which exclusive original jurisdiction is not given to the justice's court, or may be hereafter prescribed by law, and where the fine to be imposed shall exceeed two hundred dollars," etc. Section 19 of the same article reads : "Justices of the peace shall have jurisdiction, in criminal matters, of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars," etc. So far as the Constitution is concerned, we have in these two quotations all that it contains relative to the jurisdiction of these two courts in misdemeanors.

It is evident that by neither is *exclusive* original jurisdiction conferred upon justices' courts, though, as seen, the expression "exclusive original jurisdiction" is used in section 16 in connection with those courts. And the fact that the original jurisdiction of the County Court is limited in this sixteenth section to cases where the fine to be imposed shall exceed $200 does not, as we conceive, deprive it of *concurrent* jurisdiction in cases where the fine to be imposed is less than $200, except in those cases where exclusive jurisdiction was already given to the justices' courts, or may be hereafter prescribed by law. If this view be correct, the Constitution simply leaves the matter of jurisdiction to be settled by the statute law in force at the time of its adoption, or as thereafter to be provided.

Under the law as it existed at the time of the adoption of the Constitution, justices' courts had no exclusive jurisdiction in misdemeanors ; nor was there any rule of practice in force by which they could try any such case upon indictment or information presented in the District Court. So much for this branch of the investigation. ·

We must, then, necessarily look for such light as may be afforded by legislation subsequent to the adoption of the Constitution.

On June 16, 1876, was passed the first act, after the adoption of the Constitution, which purported to define the exclusive jurisdiction of County Courts. We quote from the third section of this act, as follows : " The County Courts shall have original jurisdiction of all misdemeanors, except misdemeanors involving official misconduct, and except in cases in which the highest penalty or fine to be imposed may not exceed two hundred dollars," etc. Acts Fifteenth Legislature, 18, sec. 3.

This section was amended by the same Legislature, by act approved August 18, 1876, which amendment, so far as it embraces this subject, reads thus : " The County Courts shall have original exclusive jurisdiction of all misdemeanors, except misdemeanors involving official misconduct, and except such misdemeanors as are punishable by fine only, and in the punishment of which the highest fine to be imposed may not exceed two hundred dollars ; that in cases where the offence charged is within the jurisdiction of the County Court, the court shall hear and determine the case, notwithstanding the proof may show an offence not within, but below, the jurisdiction herein conferred," etc. Acts Fifteenth Legislature, 172.

We freely concede that this latter clause would seem to imply that, according to legislative intent and understanding, there was a class of misdemeanors below the jurisdiction of the County Court. We propose, however, to show that this language, like that as used by the same Legislature in reference to this subject in other acts, was not characterized by that certainty which is usual in prescribing rules of conduct for determining and defining the organization and powers of our inferior courts and courts of limited jurisdiction, — as, for instance, by the act approved July 19, 1876, which is entitled "An act to provide for the transfer of business, civil and criminal, pending in the District Courts, over which jurisdiction is given by the Constitution to the justices' courts, to the several justices' courts of this State."

It is provided in section 1 "that all causes, civil and criminal, now pending in the District Courts of this State, over which jurisdiction is given by the Constitution to courts of justices of the peace, be transferred to the justices' courts of the respective counties, in the manner hereinafter prescribed." Acts Fifteenth Legislature, 48.

Again, in section 16 of an act to define and regulate the duties of county attorneys (Acts Fifteenth Legislature, 87), providing the procedure preliminary to the preparation of an information, the following language is used : "If the supposed case is one exclusively within the jurisdiction of a justice of the peace, the *subpœna* shall be returnable to the justice of the peace in whose precinct the offence was committed," etc. We also concede that these statutes seem clearly to intimate that there is a class of misdemeanors which would fall exclusively within the supervision, control, and jurisdiction of justices' courts.

Now, it is a familiar principle that courts established by the written law are dependent for their jurisdiction and extent of power upon the law of their creation, and they cannot transcend its authority. Their powers cannot be enlarged by intendment, so as to embrace objects not expressed in the law. *Ex parte Bollman*, and *Ex parte Swartwout*, 4 Cranch, 75 ; *Thatcher* v. *Powell*, 6 Wheat. 119 ; *Baker* v. *Chisholm*, 3 Texas, 157 ; *Cowan* v. *Nixon*, 28 Texas, 231.

From the quotations which we have made above, as heretofore stated, no express exclusive authority or jurisdiction has been conferred, in any class of misdemeanors, upon justices' courts by the Constitution ; and, so far as the statutes quoted are concerned, the exclusive jurisdiction contended for can only be derived from them, as we have seen, if at all, by intendment alone.

It now remains to be ascertained whether any such exclusive jurisdiction was conferred when the Legislature were

considering and defining the power and authority of justices' courts. On this point we are not left in doubt. In an act entitled " An act to provide for the election of justices of the peace, and to define their powers and jurisdiction," approved August 17, 1876 (Acts Fifteenth Legislature, p. 155), the plain legislative intent and will upon the subject is set forth in the following unambiguous language : " Sec. 3. Justices of the peace *shall have and exercise original concurrent jurisdiction with other courts in all cases* arising under the criminal laws of this State, except misdemeanors involving official misconduct, in which the punishment shall be by fine, and the maximum does not exceed two hundred dollars." To our minds, this statute admits of only one construction, and that is that in all criminal cases where the punishment shall be by fine, and the maximum fine shall not exceed $200, the power to hear and determine is *original and concurrent,* but by no means *exclusive,* in justices' courts.

Our conclusion is that the County Court and the justices' courts *each* have jurisdiction to hear and determine misdemeanor cases where the maximum fine does not exceed $200. The apparent contradictory doctrine stated in *Tuttle* v. *The State,* 1 Texas Ct. App. 364, is not authority upon this point, since this was not the question involved in that case.

The judgment of the County Court is affirmed.

*Affirmed.*