Kenneth Smith TAVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 53615.

Court of Criminal Appeals of Texas.

Feb. 2, 1977.

Rex Kirby, Tyler, for appellant.

A. D. Clark, III and George M. Conner, III, Asst. Dist. Attys., Tyler, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted for driving a motor vehicle while his operator's license was suspended. The punishment assessed by the court, after the appellant entered a plea of guilty, was confinement in the County Jail for 72 hours and a fine of $50.00.

The appellant asserts that the information on which he was prosecuted was fatally defective because it failed to allege whether his operator's license was suspended under the provisions of Article 6687b or Article 6701h of V.A.C.S.

The information, in pertinent part, alleges that the appellant ". . . did then and there unlawfully drive and operate a motor vehicle upon a public highway, there situate, when the Texas Operator's License of the said Kenneth Smith Tave, was suspended; against the peace and dignity of the State."

While similar pleading was held proper in *Rushing v. State,* 161 Tex.Cr.R. 334, 277 S.W.2d 104 (1955); *Gregg v. State,* 170 Tex. Cr.R. 202, 339 S.W.2d 539 (1960), it was held vulnerable to a timely motion to quash in *Adams v. State,* 376 S.W.2d 832 (Tex.Cr. App.1964); *Cox v. State,* 380 S.W.2d 121 (Tex.Cr.App.1964), and *Deramee v. State,* 379 S.W.2d 908 (Tex.Cr.App.1964). It appears that this Court has not yet determined whether such a pleading is fundamentally defective when a timely motion to quash the pleading had not been filed.

Article 6687b, Sec. 22(b), V.A.C.S., provides for the suspension of an operator's license for numerous reasons; included are suspension for habitual violation of the less serious traffic laws and automatic suspension for more serious violations of traffic laws.

Section 34 of Article 6687b, V.A.C.S., provides:

"Any person whose operator's commercial operator's or chauffeur's license or driving privilege as a non-resident has been cancelled, suspended, or revoked as provided in this Act, and who drives any motor vehicle upon the highways of this State while such license or privilege is cancelled, suspended, or revoked is guilty of a misdemeanor and upon conviction shall be punished by fine of not less than Twenty-five Dollars.($25) nor more than Five Hundred Dollars ($500), and, in addition, there shall be imposed a sentence of imprisonment of not less than seventy-two (72) hours nor more than six (6) months."

Article 6701h, V.A.C.S., The Safety Responsibility Act, provides in Sections 5, 7, 13, and 14 for the suspension of Texas Operator's Licenses for the failure to comply with the Act.

Section 32(c) provides:

"Any person whose license or registration or non-resident's operating privilege has been suspended or revoked under this Act and who, during such suspension or revocation drives any motor vehicle upon any highway or knowingly permits any motor vehicle owned by such person to be operated by another upon any highway, except as permitted under this Act, shall be fined not more than Five Hundred Dollars ($500) or imprisoned not exceeding six (6) months, or both."

In *Adams v. State,* supra, the appellant asserted that Articles 6687b and 6701h, V.A.C.S. provided different penalties for the same offense of driving a motor vehicle while operator's license is suspended; therefore, he urged both provisions were unconstitutional. This Court overruled that contention and observed that since a defendant's operator's license is suspended for different reasons under the provisions of these statutes these violations constitute separate offenses. Cf. *Deramee v. State,* 372 S.W.2d 701 (Tex.Cr.App.1964). If the violations of these statutes are separate offenses it would appear to be necessary to designate the statute under which a defendant is prosecuted. Furthermore, it appears that it would be necessary to prove under which statute a defendant was being prosecuted so that the judge would know which penalty to apply or so he could instruct a jury as to the penalty which would apply. Article 21.03, V.A.C.C.P. provides that everything should be stated in an indictment which is necessary to be proved and Article 21.23, V.A.C.C.P. provides that the rules with respect to allegations is an indictment and the certainty required apply also to an information.

We hold that in the prosecution of a defendant for driving a motor vehicle while his operator's license is suspended it is necessary to allege whether his operator's license was suspended under the provisions of Article 6687b or 6701h, V.A.C.S. The failure to do so renders an information fatally defective.

The judgment is reversed and the complaint and information are ordered dismissed.

Opinion approved by the Court.

DOUGLAS, J., dissents because there was not a motion to set aside or exception to the information.