**William Carlyle DRUMM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52878.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1977.

State's Motion for Rehearing Denied Feb. 15, 1978.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary W. Love, C. Wayne Huff and Jan E. Potts, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for driving while license suspended under Article 6687b, Sec. 24, V.A.C.S. Art. 6687b, Sec. 34, V.A.C.S. Punishment was assessed at a twenty-five dollar fine and six months in jail.

In his first ground of error appellant asserts:

"The trial court erred when it overruled appellant's motion to quash the information in this cause because it failed to give appellant sufficient notice of the nature of the operator's license suspension relied upon by the state for conviction."

The information alleged in relevant part that appellant:

". . . on or about the 15th day of December A.D. 1974, in the County of Dallas and State of Texas, did unlawfully drive and operate a motor vehicle on a public street and highway there situated when his Texas operators license was then and there suspended, said suspension having been theretofore ordered and effected by the Texas Department of Public Safety under the authority and provisions of Art. 6687b, Sec. 24, Vernon's Annotated Texas Civil Statutes."

In his motion to quash the information appellant asserted the following reason:

"The information and affidavit fail to give sufficient notice to the defendant of the date or nature of the driver's license suspension upon which the state relies for conviction. In that regard the defendant would show that he has not been furnished any documents or exhibits by anyone pertaining to said alleged conviction or suspension. Nor is any subsection under the section alleged given the defendant."

The court overruled the motion to quash.

The information did allege that appellant's license was suspended under Art. 6687b, Sec. 24, V.A.C.S., but did not allege a subsection of Section 24. The statute in Section 24 provides:

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

1. Negligent homicide resulting from the operation of a motor vehicle;

2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

3. Any offense punishable as a felony under the motor vehicle laws of this State;

4. A conviction of a driver of a motor vehicle involved in an accident or collision, upon a charge of failure to stop, render aid, and disclose his identity at the scene of said accident or collision;

5. A conviction upon a charge of aggravated assault upon the person by means of motor vehicle, as provided by law.

(b) The suspension above provided shall in the first instance be for a period of twelve (12) months. In event any license shall be suspended under the provision of this Section for a subsequent time, said subsequent suspension shall be for a period of eighteen (18) months.

(c) The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such extended period of suspension to be for a like period as the original suspension, and is in addition to any other penalty assessed, as provided in this Act."

■ It can be seen that several grounds for automatic suspension are provided in Art. 6687b, Sec. 24, supra. In his brief on appeal appellant restricts his argument under this ground of error to the complaint that failure to allege the subsection of Art. 6687b, Sec. 24, supra, under which his license was suspended deprived him of sufficient notice upon which to prepare his defense.

In *Tave v. State,* Tex.Cr.App., 546 S.W.2d 317, 318, we held:

"[I]n the prosecution of a defendant for driving a motor vehicle while his operator's license is suspended it is necessary to allege whether his operator's license was suspended under the provisions of Article 6687b or 6701h, V.A.C.S. The failure to do so renders an information fatally defective."

The issue here, however, is not whether the information in the case at bar is defective on its face, but whether it can withstand attack by a motion to quash for failure to give adequate notice on which to prepare a defense. This is the opposite of the situation in *Ex parte Cannon,* Tex.Cr.App., 546 S.W.2d 266, where the issue was not the sufficiency of the indictment to give adequate notice to the defendant, but was its sufficiency to invoke the jurisdiction of the trial court. See *Ex parte Cannon,* supra, concurring opinion at 270. These two functions of the state's accusatory pleading are distinct (see *Day v. State,* Tex.Cr.App., 532 S.W.2d 302, at 315, n. 7), and complaints regarding the sufficiency of that pleading to fulfill one or the other of those functions are subject to different rules for presentation, and different measures for validity. See *American Plant Food Corp. v. State,* Tex.Cr.App., 508 S.W.2d 598.

■ Although challenge to an accusation for failure to give adequate notice on which to prepare a defense must be asserted in a timely fashion[1] (*American Plant Food,* supra), when properly asserted with adequate statement of the manner in which notice is deficient, fundamental constitutional protections are invoked. Because of the fundamental notions of fairness that require adequate notice of the nature of the charges against the accused in our system of justice, a timely claim of inadequate notice requires careful consideration. This calls for examination of the criminal accusation from the perspective of the accused, as contrasted to the measurement of its

---

1. Contrast jurisdictional defects, which may be raised at any time. *American Plant Food,* supra.

allegations against the statute that is the test for a claim that no offense is alleged. Thus, although the information in the case at bar does not reveal the jurisdictional defect exhibited in *Tave, supra,* that case does not dispose of the claim of insufficient notice raised here.

■ Defendant's argument in substance is that Art. 6687b, Sec. 24, supra, provides for automatic suspension of the driver's license without notice upon final conviction for any one of several offenses, and that in order to prepare his defense he is entitled to notice of the suspension grounds relied on by the state. In the face of the constitutional presumption of innocence to which every accused is entitled, it cannot be claimed by the state, when there is a motion to quash on these grounds, that appellant knew the grounds for the suspension of his license. There may exist several such grounds for suspension, and there may exist various defenses to some or all of those grounds. It is not for us to speculate on possible defenses; those are for the accused and counsel to investigate, prepare, and establish if they can. In order to perform that duty, however, the accused is entitled to notice of the particular cause for suspension upon which the state will rely. The accused is not required to anticipate any and all variant facts the state might hypothetically seek to establish. When the defendant petitions for sufficient notice of the state's charge by motion to quash adequately setting out the manner in which notice is deficient, the presumption of innocence coupled with his right to notice requires that he be given such notice. Appellant here was entitled to such notice and his motion to quash was sufficient to point out his need. The motion to quash should have been granted.

■ In *Grider v. State,* Tex.Cr.App., 398 S.W.2d 937, 938, the court held the complaint and information were sufficient under *Adams v. State,* Tex.Cr.App., 376 S.W.2d 832 "to charge the offense defined in Section 5 of Art. 6701h, V.A.C.S.," and stated, "The trial court did not err in overruling the appellant's motion to quash the information." An examination of the record shows that the subsection of the statute was not alleged in *Grider.* As explained above, the sufficiency of the State's pleading to allege an offense against the law is not the test for the adequacy of notice in the face of the presumption of innocence and a motion to quash for insufficient notice. *Grider v. State, supra,* is overruled.

For failure to grant the motion to quash and provide adequate notice to appellant of the charges against him, the judgment is reversed and the prosecution under this information is dismissed.

DOUGLAS, J., dissents.

DOUGLAS, Judge, dissenting on State's motion for leave to file Motion for Rehearing.

The majority reverses the State's motion for rehearing without written opinion. Appellant was convicted for driving a motor vehicle while his license was suspended. The majority erroneously overrules *Grider v. State,* 398 S.W.2d 937 (Tex.Cr.App.1966), and writes that the section of the statute used to revoke the probation must be alleged so that a defendant may know what to defend against. Neither the majority nor the appellant has indicated what defense to the suspension of a driver's license would be available to an accused. If one could be suggested or shown, this writer would reconsider the question. Once a licensee has been convicted under any subdivision of Article 6687b, Section 24, V.A.T.S., the suspension is automatic. What defense could there be to the suspension? That case has been tried and it is final. He has had his day in court. He knows that the license has been suspended.

The suspension is an historical fact and it should make no difference under what section of the act the license was suspended. See the reasoning in the Attorney General's Opinion No. H–1053, September 14, 1977.

The State's motion for leave to file should be granted and the judgment should be affirmed.