**James Glynn HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58035.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 31, 1978.

Larry E. Meyer, Houston, for appellant.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

The appellant waived a trial by jury and entered a plea of guilty before the court to the offense of robbery, a violation of V.T. C.A. Penal Code, Sec. 29.02. The punishment is imprisonment for 10 years.

The appellant asserts that the indictment is fundamentally defective. He says that since the property which it is alleged he took or intended to take in the course of committing theft was not particularly described, he was not on notice of the offense with which he was charged, and he cannot later plead the judgment in bar of prosecution for the same offense.

The indictment alleges that the appellant, while in the course of committing theft of property of the complainant with the intent to obtain and maintain control of the prop-

erty, intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death.

The offense of robbery in the new penal code is defined in language entirely different from that used in the former penal code, and the cases decided under the former penal code cited by the appellant are of no aid in deciding whether his contentions have merit.

■ The appellant's argument that the indictment was insufficient to put him on notice of the offense with which he was charged and was insufficient to permit him to later plead the judgment in bar of prosecution for the same offense we find to be without merit. Even if a motion to quash the indictment had been timely filed and urged, the indictment, which alleges the name of the person whom it is alleged the appellant robbed, gives sufficient notice without particularly describing the property he allegedly took or intended to take in the course of committing theft.

V.T.C.A. Penal Code, Sec. 29.02(a)(2), under which the indictment in the instant case was drawn, provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

    *     *     *     *     *     *

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

The term "in the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. V.T.C.A. Penal Code, Sec. 29.01(1).

■ In prosecutions for robbery under the new penal code, it has been held that it is unnecessary to allege the elements of theft. *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974). Since the ownership of the property which it is alleged a defendant took or intended to take in the course of committing theft is an element of theft, it is unnecessary to allege to whom the property belonged in indictments for the prosecution of robbery. *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976). See also *Johnson v. State*, 541 S.W.2d 185 (Tex.Cr.App.1976); *Davis v. State*, 532 S.W.2d 626 (Tex.Cr.App.1976); *Servance v. State*, 537 S.W.2d 753 (Tex.Cr.App.1976); *Watts v. State*, 516 S.W.2d 414 (Tex.Cr.App.1974).

While recognizing the holdings of the cases we have just cited, the appellant's counsel asserts that the use of the word "property" in V.T.C.A. Penal Code, Sec. 29.-02(a) makes it an essential element of the offense of robbery and not an element of theft. This argument may be answered by observing that the use of the word "property" in Sec. 29.02(a) is a mere redundancy for which there is no reason. The words ". . . and with the intent to obtain or maintain control of the property . . ." have the same meaning as those already used in defining theft in Chapter 31.

An indictment for robbery under the new penal code, which must allege that the defendant took or intended to take property in the course of committing theft, need not allege a more particular description of the property.

The judgment is affirmed.