**Nicole Emile BURKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00276–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 21, 1995.

Rehearing Overruled Feb. 8, 1996.

William C. Meyer, Houston, for appellant.

John Holmes, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

YATES, Justice.

Appellant was charged by information with the offense of unlawfully passing a stopped school bus. Appellant entered a plea of nolo contendere and the trial court assessed punishment at a fine of $1,000.00, half of which was probated for a period of six months. Appellant brings two points of error contending: (1) the trial court lacked jurisdiction; and (2) the indictment was insufficient.

In his first point of error, appellant claims the trial court, a county court at law, erred in convicting appellant of violating section 104 of article 6701d of the Texas Revised Civil Statutes, TEX.REV.CIV.STAT.ANN. art. 6701d, § 104 (Vernon Supp.1995), because the trial court lacked original jurisdiction. Section 104 of article 6701d makes it a violation to overtake and pass a school bus that is in the process of receiving or discharging school children when a visual signal is in operation. TEX.REV.CIV.STAT.ANN. art. 6701d, § 104(a)

(Vernon Supp.1995). Appellant argues that because a violation of section 104 is punishable only by a fine of not less than $200.00 and not more than $1000.00, exclusive jurisdiction lies in the justice of the peace court.

Appellant bases his argument on section 12.41(3) of the Texas Penal Code and articles 4.07 and 4.11 of the Texas Code of Criminal Procedure. Section 12.41(c) provides that an offense punishable by fine only is a class C misdemeanor. TEX.PENAL CODE ANN. § 12.41(3) (Vernon 1994). Article 4.07 of the Texas Code of Criminal Procedure states that county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars. TEX.CODE CRIM.PROC.ANN. art. 4.07 (Vernon Supp.1995). Article 4.11 of the Texas Code of Criminal Procedure provides that justice of the peace courts shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed $500.00. Appellant further relies on an opinion of the Texas Attorney General which states that the $500.00 limitation on the criminal jurisdiction of justice courts is void because it violates article V, section 19 of the Texas Constitution. Op.Tex.Att'y Gen. No. DM–277 (1993) (citing with approval Op.Tex.Att'y Gen. No. JM–1089 (1989)).[1]

Appellant contends that because only a fine can be imposed for a violation of section 104, and because the portion of article 4.11 limiting the jurisdiction of the justice court to fines of $500.00 or less is void, exclusive jurisdiction of a prosecution based on section 104 is in the justice of the peace court. Appellant reasons that the county court cannot have jurisdiction because it has jurisdiction only in those cases when jurisdiction is

---

**1.** Article V, section 19 provides that justice of the peace courts shall have original jurisdiction in criminal misdemeanor cases that are punishable by fine only. TEX. CONST. art. V, § 19. The constitution does not place a limit on the amount of the fine in determining jurisdiction. The attorney general stated that while the legislature is clearly authorized to prescribe the jurisdiction of statutory and constitutional county courts, it may not do so in contravention of article V, section 19, which grants the justice of the peace court jurisdiction of *all* criminal offenses punishable by fine only, and in addition, authorizes the legislature to *add* to the jurisdiction of the justice of the peace court. Op.Tex.Att'y Gen. No. DM–285 (1993) (emphasis in the original). Accordingly, any attempt by the legislature to limit the jurisdiction of the justice court in contravention of the constitution is void.

not exclusive in the justice of the peace court and the fine to be imposed exceeds $500.00.

■ The question of which court has jurisdiction for prosecution of the offense of "overtaking and passing a school bus," Tex. Rev.Civ.Stat.Ann. art. 6701d, § 104, was specifically addressed by the Texas Attorney General in an opinion issued January 20, 1994.[2] The attorney general stated that because section 104 provides for a fine of "not less than $200.00 and not more than $1,000.00," the offense is one that, under article V, section 19 of the Texas Constitution, is within the jurisdiction of the justice court. *Id.* The attorney general pointed out that the constitution does not, however, make that jurisdiction "exclusive." *Id.* Thus, the attorney general reasoned that article V, section 19, does not invalidate article 4.07 of the Code of Criminal Procedure which confers upon a county court original criminal jurisdiction in all cases in which *exclusive* original jurisdiction is not committed to the justice court, *and* where the maximum fine upon conviction is greater than $500.00. *Id.* (emphasis in the original). In those instances, the attorney general concluded, the justice and county courts have *concurrent* jurisdiction over all first offense prosecutions under section 104. *Id.* (emphasis in the original).

We find the reasoning and the conclusion in the opinion by the Texas Attorney General persuasive. We hold that in a first offense prosecution under article 6701d, section 104, the justice and county courts have concurrent jurisdiction. The trial court did not err in denying appellant's motion to dismiss. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial court erred in refusing to grant his Motion to Quash the indictment. Appellant complained that the information was insufficient because it failed to designate the subsection of article 6701d, section 124, under which the State intended to prosecute.

The information read as follows:

Comes now the undersigned Assistant District Attorney of Harris County, Texas, on behalf of the State of Texas, and presents in and to the County Criminal Court at Law No. 2 of Harris County, Texas, that in Harris County, Texas, NICOLE EMILE BURKE, hereafter styled the Defendant, on or about, JANUARY 7, 1994, did then and there unlawfully while the driver of a vehicle upon a highway INSIDE A RESIDENCE DISTRICT, other than a separate roadway and a controlled-access highway, upon OVERTAKING a school bus, did intentionally and knowingly fail to stop said vehicle before reaching the school bus stopped on the highway for the purpose of receiving and discharging school children when there was in operation upon the school bus **a visual signal pursuant to Section 124, of Article 6701d, Uniform Act Regulating Traffic on Highways.**

(emphasis added)

Appellant claims that because the State did not specifically allege which type of visual signal was displayed at the time he overtook the school bus, an ambiguity or uncertainty was created. Appellant claims that without the specific subsection of 124, he was denied notice. Appellant relies on *Drumm v. State,* 560 S.W.2d 944 (Tex.Crim.App.1977), for the proposition that where a statute sets out several ways in which an infraction can be committed, the State must give notice of the way in which the accused is alleged to have acted. *Drumm* is clearly distinguishable from the case before us.

In *Drumm,* the appellant was convicted for driving while his license was suspended. 560 S.W.2d at 945. The information alleged that the appellant operated a motor vehicle while his license was suspended and that the suspension had been ordered and effected by the Department of Public Safety pursuant to article 6687b, section 24. The appellant moved to quash the information claiming that it did not give him sufficient notice of the date or nature of the suspension upon which the State relied for a conviction. *Id.* The motion to quash was overruled.

---

2. The opinion was specifically limited to the consideration of "first offense" violations under section 104. Op.Tex.Att'y Gen. No. DM–285 (1993).

There is nothing in the record to indicate that appellant's violation was not a "first offense." Thus, the opinion would apply to his case.

On appeal, the Texas Court of Criminal Appeals stated that the appellant's argument was based on the fact that article 6687b, section 24, has several subsections that provide for license suspension upon conviction for any one of several offenses, and in order to prepare a defense, the appellant is entitled to notice of the subsection upon which the State intends to rely. *Id.* at 947. The court held there may exist several grounds for the suspension and various defenses to some, or all, of these grounds. *Id.* Thus, the appellant was entitled to know the particular cause for suspension upon which the State would rely. *Id.*

Here, while article 6701d, section 124, does contain six separate subsections, (a) through (f), only subsection (b) defines the visual signal required for school buses. TEX.REV. CIV.STAT.ANN. art. 6701d, § 124 (Vernon 1977 & Supp.1995). Thus, unlike in *Drumm*, appellant could not have been confused or uncertain about the portion of the statute upon which the State would rely. Appellant received sufficient notice of the charges against him, and it was not error to overrule his motion to quash. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.