Opinion filed April 26, 2007



















 
 
  
 
 







 
 
  
 
 




Opinion filed April 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00266-CV

                                                    __________

 

                       ELIZABETH ANN LISA RODRIGUEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor County,
Texas

 

                                                   Trial
Court Cause No. 7894-D

 



 

                                                                   O
P I N I O N

 

Pursuant to Tex.
Code Crim. Proc. Ann. art. 55.01(a) (Vernon 2006), Elizabeth Ann Lisa
Rodriguez sought the expunction of records from a 2001 theft charge.  The trial court denied Rodriguez=s request, and she appealed.  We affirm.

                                                                       I.  Issues

Rodriguez presents three issues on appeal in which
she contends that the trial court erred in not granting an expunction because
(1) she met all of the statutory requirements, (2) limitations bars any further
charges for issuing a bad check, and (3) the State failed to establish that she
is still subject to conviction for the offense of theft by check.  








                                                                  II.  Expunction

The petitioner in an expunction proceeding has the
burden of proving that the statutory requirements are met.  Harris County Dist. Attorney=s Office v. Hopson, 880 S.W.2d 1,
3-4 (Tex. App.CHouston
[14th Dist.] 1994, no writ).  We review
the trial court=s ruling
on an expunction under an abuse of discretion standard of review.  Heine v. Tex. Dep=t
of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.CAustin
2002, pet. denied).  

A. Statutory Requirements.

The legislature intended for Article 55.01(a) to permit the
expunction of records of wrongful arrests. 
Harris County Dist. Attorney=s
Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991). 
Article 55.01(a) provides that a person who was placed under arrest for
the commission of a felony or a misdemeanor is entitled to have all records
relating to that arrest expunged if:

 

(1) the person is tried for the offense for which
the person was arrested and is:

 

(A) acquitted by the trial court, except as provided
by Subsection (c) of this section;  or

 

(B) convicted and subsequently pardoned;  or

 

(2) each of the following conditions exist:

 

(A) an indictment or information charging the
person with commission of a felony has not been presented against the person
for an offense arising out of the transaction for which the person was arrested
or, if an indictment or information charging the person with commission of a
felony was presented, the indictment or information has been dismissed or
quashed, and:

 

(i) the limitations period expired before the date
on which a petition for expunction was filed under Article 55.02; or

 

(ii) the court finds that the indictment or
information was dismissed or quashed because the presentment had been made
because of mistake, false information, or other similar reason indicating
absence of probable cause at the time of the dismissal to believe the person
committed the offense or because it was void;








 

(B) the person has been released and the charge,
if any, has not resulted in a final conviction and is no longer pending and
there was no court ordered community supervision under Article 42.12 for any
offense other than a Class C misdemeanor; 
and

 

(C) the person has not been
convicted of a felony in the five years preceding the date of the arrest.

B. Did Rodriguez Meet the Requirements of
Article 55.01(a)? 

The record in this case shows that Rodriguez was
originally charged in 2001 with theft by check but that, pursuant to a plea
agreement, she pleaded nolo contendere to the charge of issuance of a bad
check, a Class C misdemeanor.  See
Tex. Pen. Code Ann. ' 31.03 (Vernon Supp. 2006), '
32.41 (Vernon 2003).  Pursuant to the
plea agreement, Rodriguez paid off the bad checks and paid a fine of one
dollar, and the State waived the original charge of theft by check.  The trial court accepted the plea and
convicted Rodriguez of the offense of issuance of a bad check.  The trial court did not place her on
community supervision.  

We hold that Rodriguez failed to meet the
requirements of Article 55.01(a). 
Rodriguez was not tried and either acquitted or pardoned.  Thus, Rodriguez did not meet the requirements
of Article 55.01(a)(1).  Rodriguez also
failed to satisfy Article 55.01(a)(2) because the record shows that, although
the theft charge was dismissed, Rodriguez was convicted of a Class C offense
for issuing a bad check.  Thus, the
charge resulted in a final conviction rendering Rodriguez=s records ineligible for
expunction.  Tex. Dep=t of Pub. Safety v. Aytonk, 5
S.W.3d 787 (Tex. App.CSan
Antonio 1999, no pet.).

                                                         III.  Validity of Conviction

Rodriguez asserts, and the trial court found, that
the judgment convicting her of issuing a bad check is null and void because the
trial court, a county court at law, had no jurisdiction over a Class C offense.[1]  We disagree. 


A. 
Justice Court Jurisdiction.








A justice court has original jurisdiction in
misdemeanor criminal cases that are punishable by a fine only.  Tex.
Const. art. V, '
19; Tex. Code Crim. Proc. Ann.
art. 4.11 (Vernon 2005).  A municipal
court also has such jurisdiction.  Tex. Code Crim. Proc. Ann. art. 4.14
(Vernon 2005).  Because the offense of
issuing a bad check is a Class C misdemeanor punishable only by a fine,[2]
a justice court or municipal court would have had jurisdiction to convict
Rodriguez of that offense.  Nothing in
Article V, section 19; Article 4.11; or Article 4.14, however, provides that
such jurisdiction is exclusive. 

B. 
County Court Jurisdiction.

A county court at law generally has jurisdiction
over all causes and proceedings prescribed by law for county courts.  Tex.
Gov=t Code Ann. '
25.0003(a) (Vernon
Supp. 2006).   Tex. Gov=t Code Ann. '
26.045 (Vernon 2004) provides that Aa
county court has exclusive original jurisdiction of misdemeanors other
than misdemeanors involving official misconduct and cases in which the highest
fine that may be imposed is $500 or less@
(emphasis added).[3]  Tex.
Code Crim. Proc. Ann. art. 4.07 (Vernon 2005) provides that a county
court has Aoriginal
jurisdiction of all misdemeanors of which exclusive original jurisdiction is
not given to the justice court, and when the fine to be imposed shall exceed
five hundred dollars.@  

Although Article 4.07=s
language seems to limit the jurisdiction of county courts to those cases in
which the fine could exceed $500 and, thus, to exclude jurisdiction in cases in
which the fine could not exceed $500, this interpretation was first rejected in
1878.  See Solon v. State, 5 Tex. Ct. 

App. 301 (1878).  The Texas
Court of Criminal Appeals has consistently applied this construction of the
county court=s
jurisdiction since.[4]   In Solon, the court reasoned:








[T]he fact that the original jurisdiction of the
County Court is limited . . . to cases where the fine to be imposed shall
exceed $200[5]
does not, as we conceive, deprive it of concurrent jurisdiction in cases
where the fine to be imposed is less than $200, except in those cases where
exclusive jurisdiction was already given to the justices=
courts. 

When Solon was decided, the relevant language was in Tex. Const. art. V, ' 16.[6]  This provision has been comprehensively
rewritten since, and the relevant language is now Article 4.07.[7]  The fact that this language is now contained
within a statute rather than a constitutional provision is of no consequence,
and nothing in the present version of Article V, section 16 alters our
analysis.  In this case, no statute
excluded the county court=s
jurisdiction or provided for exclusive jurisdiction in a justice or municipal
court; therefore, jurisdiction in those courts was concurrent.  Consequently, we conclude that Rodriguez=s conviction for issuing a bad check is
not void and that the trial court erred in determining that it was void. 

                                                                    IV.  Holding

Because Rodriguez did not meet the requirements of
Article 55.01(a)(2)(B), she was not entitled to have her records expunged.  Therefore, we hold the trial court did not
abuse its discretion in denying Rodriguez=s
request for expunction.  The first issue
for review is overruled.  We need not
address Rodriguez=s second
and third issues since the first issue is dispositive of the appeal.  Tex.
R. App. P. 47.1.

The judgment of the trial court is affirmed.

 

RICK STRANGE

JUSTICE

April 26, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Although the State asserts that the judgment may not be
collaterally attacked in an expunction proceeding, we note that a conviction
may be challenged by collateral attack as being void.  See Galloway
v. State, 578 S.W.2d 142 (Tex. Crim. App. 1979).





[2]Tex. Pen. Code Ann. ' 12.23 (Vernon 2003) provides that a person convicted
of a Class C misdemeanor shall be punished by a fine not to exceed $500.  





[3]We note that Section 26.045=s grant of exclusive jurisdiction to county courts in
criminal cases in which the fine may exceed $500 has been determined to be
unconstitutional as a violation of Tex.
Const. art. V, ' 19, which grants jurisdiction to justice courts in
criminal cases punishable by a fine only, regardless of the amount of the
potential fine.  Op. Tex. Att=y Gen. No. DM-285, n.4 (1994); see also Op. Tex.
Att=y Gen. No. DM-277 (1993). 





[4]See  Fouke v.
State, 529 S.W.2d 772, 773 (Tex. Crim.
App. 1975); Gamble v. State, 466 S.W.2d 556, 558 n.2 (Tex. Crim. App.
1971) (stating that county courts have concurrent jurisdiction over all
misdemeanors with the justice and corporation courts even though the punishment
for the misdemeanor is by a fine of not more than $200); Hullum v. State,
415 S.W.2d 192 (Tex. Crim. App. 1966); Skaggs v. State, 247 S.W.2d 906
(Tex. Crim. App. 1952); Rose v. State, 184 S.W.2d 617 (Tex. Crim. App.
1944) (county court and justice court have concurrent jurisdiction in theft
cases where value of property is less than $5); Young v. State, 141
S.W.2d 315, 317 (Tex. Crim. App. 1940); Patterson v. State, 56 S.W.2d
458 (Tex. Crim. App. 1933).

 

We note that in Burke v. State, 915
S.W.2d 551, 553 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d), the court=s opinion
suggests that county courts do not have jurisdiction unless the maximum fine is
greater than $500.  That language,
however, was not essential to the court=s holding
because the potential fine was $1,000 and the defendant=s argument was that county courts do not have
jurisdiction when the only possible punishment is a fine.  Consequently, the court was not called upon
to decide the county court=s jurisdiction if the maximum fine was $500 or less.





[5]We note that, prior to amendment, the limitation in
Article 4.07 was $200, instead of the current $500. 





[6]This provision provided: A[T]he
County Courts shall have original jurisdiction in all misdemeanors of which
exclusive original jurisdiction is not given to the justice=s court, or may be hereafter prescribed by law, and
where the fine to be imposed shall exceed two hundred dollars.@  See Solon,
5 Tex. Ct. App. 301.





[7]Section 16 now reads:

 

The County Court has jurisdiction as provided by
law.  The County Judge
is the presiding officer of the County Court and has judicial functions as
provided by law.  County court judges
shall have the power to issue writs necessary to enforce their jurisdiction.

 

County Courts in existence on the effective date of
this amendment are continued unless otherwise provided by law.

 

When the judge of the County Court is disqualified in any case pending
in the County Court the parties interested may, by consent, appoint a proper
person to try said case, or upon their failing to do so a competent person may
be appointed to try the same in the county where it is pending in such manner
as may be prescribed by law.