

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00392-CR

**STATE** of Texas,
Appellant

v.

Lee Allison **GOINS**,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2733
Honorable Raymond Angelini, Judge Presiding[1]

### OPINION ON REHEARING

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: August 7, 2019

AFFIRMED

The State's motion for rehearing is denied. On our own motion, we withdraw our May 15, 2019 opinion and judgment and substitute this opinion and judgment in their stead.

In this appeal, the State challenges the trial court's interlocutory order quashing one count of an indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (authorizing an appeal from an order dismissing an indictment). In a single issue, the State argues the trial court erred because

---

[1]The Honorable Raymond Angelini, retired, was sitting by assignment and signed the order challenged on appeal.

the allegations in the indictment provided the defendant with legally sufficient notice of the charged offense. We affirm.

## BACKGROUND

A grand jury returned a two-count indictment against Lee Allison Goins. Count one of the indictment alleged:

> [O]n or about the 4th Day of January, 2018, LEE ALLISON GOINS, *while in the course of committing theft of property and with intent to obtain and maintain control of said property*, did use and exhibit a deadly weapon, NAMELY: HOT LIQUID, and defendant did intentionally, knowingly and recklessly cause bodily injury to HUNTER JOHNS, hereinafter referred to as complainant, by THROWING HOT LIQUID AT AND ON COMPLAINANT[.]

(emphasis added). Goins filed a motion to quash, contending that count one, which purported to charge Goins with aggravated robbery, was defective because it (1) failed to describe the property involved in the underlying theft, and (2) failed to provide her with adequate notice to prepare a defense.

The State opposed the motion to quash, claiming the allegations in the indictment were legally sufficient. According to the State, the law did not require the inclusion of a description of the property in an aggravated robbery count.

After a hearing, the trial court granted the motion and quashed count one of the indictment. The trial court did not specify the basis for its ruling. The State appealed.

## NOTICE AND STANDARD OF REVIEW

The Texas and United States Constitutions afford a criminal defendant the right to fair notice of the specific charged offense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008). "The charging instrument must convey sufficient notice to allow the accused to prepare a defense." *Id*. Texas law provides that an indictment is sufficient when it:

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and

with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.

TEX. CODE CRIM. PROC. ANN. art. 21.11.

A complaint that an indictment fails to provide adequate facts to give the defendant notice of the offense charged is a complaint about a defect in the indictment's form. *Olurebi v. State*, 870 S.W.2d 58, 61 (Tex. Crim. App. 1994). When the defendant files a motion to quash raising a valid complaint about a defect in form and she brings it to the trial court's attention before trial, the State must respond by amending the indictment to include a specific allegation about what it will rely upon for conviction. *Amaya v. State*, 551 S.W.2d 385, 387 (Tex. Crim. App. 1977).

An indictment that tracks the statutory text of the penal statute usually provides the defendant with sufficient notice. *State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017); *Barbernell*, 257 S.W.3d at 251. "[A] charging instrument drafted in the language of the penal statute is generally sufficient to provide an accused with adequate notice because the terms of the statute inform him or her of the nature of the charge." *State v. Zuniga*, 512 S.W.3d 902, 909 (Tex. Crim. App. 2017).

The elements of aggravated robbery are (1) in the course of committing theft of property, (2) with the intent to obtain or maintain control of the property, the accused (3) intentionally, knowingly, or recklessly causes bodily injury to another, and (4) uses or exhibits a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.03(a), 29.02; *Earl v. State*, 514 S.W.2d 273, 274 (Tex. Crim. App. 1974). "Since theft is only the underlying offense for the robbery, the elements and facts surrounding the theft need not be alleged in the indictment." *Linville v. State*, 620 S.W.2d 130, 131 (Tex. Crim. App. 1981).

Because the sufficiency of an indictment is a question of law, we review a trial court's decision to quash an indictment de novo. *Jarreau*, 512 S.W.3d at 354; *State v. Moff*, 154 S.W.3d

599, 601 (Tex. Crim. App. 2004). We must uphold the trial court's ruling if it is correct on any theory of law applicable to the case. *Zuniga*, 512 S.W.3d at 909.

**ANALYSIS**

On appeal, the State argues that the allegations in count one of the indictment were "legally sufficient to give [Goins] notice of the crime with which she [was] charged, and the law is well settled that the State does not have to include a description of the property taken in an [a]ggravated [r]obbery allegation for the indictment to provide legally sufficient notice." In support of this argument, the State cites cases holding that a charging instrument alleging aggravated robbery need not describe the specific property involved in the underlying theft. *See Hightower v. State*, 629 S.W.2d 920, 922-23 (Tex. Crim. App. 1981) (concluding the indictment in an aggravated robbery case gave the defendant sufficient notice of the offense with which he was charged without particularly describing the property allegedly taken or intended to be taken in the course of committing theft); *Hill v. State*, 568 S.W.2d 338, 339 (Tex. Crim. App. 1978) (same); *Earl*, 514 S.W.2d at 274 ("Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft [] or attempted theft [] need not be alleged in the indictment."). On the other hand, Goins contends on appeal, as she contended in the trial court, that the allegations in count one of the indictment were insufficient because they failed to provide her with adequate notice to prepare a defense.

***Procedural Default***

When reviewing a trial court's ruling, appellate courts uphold the ruling if it is correct on any theory of law applicable to the case. *State v. Copeland*, 501 S.W.3d 610, 612-13 (Tex. Crim. App. 2016). A theory of law is applicable to a case when it is litigated at the trial-court level. *Id*. at 613. "If an appellant fails to argue a 'theory of law' applicable to the case on appeal, that argument is forfeited." *Id*. "An appellant must attack all independent grounds supporting a trial court's ruling." *Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd). If

a trial court's ruling can be sustained on an independent ground, an appellant must challenge all grounds on appeal. *Id*. When an appellant fails to challenge all independent grounds supporting the trial court's ruling on appeal, we must affirm the trial court's ruling if it is correct on any theory of law applicable to the case. *See Copeland*, 501 S.W.3d at 614; *Marsh*, 343 S.W.3d at 479.

In her motion to quash, Goins presented two independent grounds for quashing count one of the indictment. First, Goins contended count one should be quashed because it failed to describe the property involved in the underlying theft. In support of this contention, Goins cited several statutory provisions. Second, Goins contended count one should be quashed because it failed to provide her with adequate notice to prepare a defense. In support of this contention, Goins cited several constitutional provisions. Additionally, as will be discussed in greater detail below, Goins argued the second ground at the hearing on the motion to quash.

In its appellate brief, the State addresses Goins's contention that count one should be quashed because it failed to describe the property involved in the underlying theft; however, the State does not address Goins's contention that count one should be quashed because it failed to provide her with adequate notice to prepare a defense. Given the State's failure to challenge on appeal a theory of law applicable to the case, we conclude the State procedurally defaulted its complaint on appeal. *See Copeland*, 501 S.W.3d at 613 (holding appellant procedurally defaulted an argument "because, although it was a theory of law applicable to the case, [appellant] failed to advance that argument on appeal…."). Because the State failed to challenge on appeal all independent grounds supporting the trial court's ruling, we must affirm the trial court's order. *See id*.; *Marsh*, 343 S.W.3d at 479.

### *Notice to Prepare a Defense*

Alternatively, even if we were to consider the merits of the trial court's ruling, we would still affirm its order. Goins argues on appeal, as she argued below, that count one of the indictment

failed to provide her with sufficient notice to allow her to prepare a defense. *See Zuniga*, 512 S.W.3d at 909 (concluding that even though the indictment alleged every element of the offense, the appellate court was still required to consider whether the indictment failed to provide the defendant with adequate notice to prepare her defense); *see Drumm v. State*, 560 S.W.2d 944, 946 (Tex. Crim. App. 1977) (noting that the issue in the case was not whether the charging instrument was "defective on its face, but whether it can withstand attack by a motion to quash for failure to give adequate notice on which to prepare a defense.").

At the motion to quash hearing, Goins's counsel advised the trial court that during discovery she had learned that the "property" referenced in count one could be one of two items. Specifically, Goins's counsel advised the trial court:

> My problem with this case is in looking at the evidence that's been tendered by the State, there are possibly—which my client does deny—but there are possibly two different thefts with two different items . . . but it doesn't have any description as to which one they are talking about. So without that information, I am unable to prepare for this defense. I would be caught surprised at trial.
>
> ….
>
> One of the alleged thefts, that theft was actually committed by another person. It involved Jif Peanut Butter, and it was committed by somebody else that's on video; and that's supported by the witness statements.
>
> That theft was stopped and there was a hot liquid that was thrown at that point in time by my client, but there are different defense arguments with that.
>
> Within minutes of that, my client returns into the store, refills the cup of coffee that she has already paid for and then tries to leave the store and then drops the cup in that store. And before she drops the cup, she actually throws the cup into the clerk's face.
>
> So we have two different aggravated robberies . . . . I don't know which one the State is going to be proceeding on, and I don't know what defenses to be able to line up for voir dire and going forward on the case. That is where the unfair surprise is coming.

In her appellate brief, Goins persists in her contention that count one did not provide her with sufficient notice to prepare a defense. Specifically, Goins argues "there are two separate sets of circumstances, with two separate defenses, that could warrant aggravated robbery charges."

A defendant has a constitutional right to sufficient notice to enable her to prepare a defense. *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). Both the United States and Texas Constitutions grant a criminal defendant the right to fair notice of the specific charged offense. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; TEX. CONST. art. 5 § 12b. These constitutional guarantees require that notice of the nature and cause of the accusation be given with sufficient clarity and detail to enable a defendant to anticipate the State's evidence and prepare a proper defense. *Moff*, 154 S.W.3d at 601-02; *State v. Hernandez*, 395 S.W.3d 258, 260 (Tex. App.—San Antonio 2012, no pet.).

"The charging instrument must convey sufficient notice to allow the accused to prepare [her] defense." *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). While in many cases a charging instrument that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice to prepare a defense, in some cases such a charging instrument may not be sufficient. *See Moff*, 154 S.W.3d at 602 (recognizing the trial court may "require the State to amend an indictment which tracks the language of the statute when more notice is needed so that the accused can adequately prepare a defense."). "When considering a motion to quash the indictment, it is not sufficient to say the defendant knew with what offense [she] was charged; rather, the question presented is whether the face of the indictment or charging instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare [her] defense." *Lewis v. State*, 659 S.W.2d 429, 431 (Tex. Crim. App. 1983). In analyzing whether the allegations in an indictment are sufficient to prepare a defense, we view the allegations from the defendant's

perspective. *Drumm*, 560 S.W.2d at 946 (noting that a timely claim of inadequate notice "calls for examination of the criminal accusation from the perspective of the accused.").

Two Texas Court of Criminal Appeals cases guide our analysis here. In *Drumm*, the defendant was charged with the offense of driving with a suspended license. 560 S.W.2d at 945. Although the charging instrument alleged that the defendant's license was suspended, it failed to allege the specific ground for suspension. *Id*. The defendant filed a pre-trial motion to quash, complaining that the charging instrument failed to give him notice of which offense the suspension was predicated upon and, therefore, denied him the opportunity to prepare a defense. *Id*. at 945-46. The Court of Criminal Appeals agreed that the defendant was entitled to the requested notice and concluded that the motion to quash should have been granted. *Id*. at 947. The Court of Criminal Appeals explained:

> Defendant's argument in substance is that [the criminal statute] provides for automatic suspension of the driver's license without notice upon final conviction for any one of several offenses, and that in order to prepare his defense he is entitled to notice of the suspension grounds relied on by the state. In the face of the constitutional presumption of innocence to which every accused is entitled, it cannot be claimed by the state, when there is a motion to quash on these grounds, that appellant knew the grounds for the suspension of his license. There may exist several such grounds for suspension, and there may exist various defenses to some or all of those grounds. It is not for us to speculate on possible defenses; those are for the accused and counsel to investigate, prepare, and establish if they can. In order to perform that duty, however, the accused is entitled to notice of the particular cause for suspension upon which the state will rely. The accused is not required to anticipate any and all variant facts the state might hypothetically seek to establish. When the defendant petitions for sufficient notice of the state's charge by motion to quash adequately setting out the manner in which notice is deficient, the presumption of innocence coupled with his right to notice requires that he be given such notice.

*Id*.

In *Adams v. State*, the defendant was charged with obscenity after police seized two films from him. 707 S.W.2d 900, 901-02 (Tex. Crim. App. 1986). The defendant filed a pre-trial motion to quash, arguing the charging instrument was deficient because it did not specify which film the

State alleged to be obscene. *Id*. at 902. The defendant argued that he needed to know which film formed the basis of the State's allegations because he wanted to prepare a defense based on the content of the film. *Id*. The trial court denied the motion to quash, and the defendant was convicted. *Id*. at 900. Ultimately, the Court of Criminal Appeals affirmed the conviction, concluding that the defendant was not harmed by the defect in the charging instrument. *Id*. at 904. However, the Court of Criminal Appeals acknowledged that the trial court should have granted the motion to quash because the charging instrument failed to inform the defendant which film the State intended to prove was obscene. *Id*. at 902-03.

In the present case, Goins's counsel explained to the trial court that it appeared the State had two different aggravated robbery theories, each of which called for a different defense at trial. Under the first theory, the State would assert that the theft component of aggravated robbery was satisfied by the taking of a jar of peanut butter, and Goins's defense would be that she was not involved in taking the jar of peanut butter. Under the second theory, the State would assert that the theft component of aggravated robbery was satisfied by the taking of a cup of coffee, and Goins's defense would be that she had already paid for the coffee. Goins's counsel further explained to the trial court that unless the indictment was amended to show which theory the State was pursuing, she was unable to anticipate the State's evidence and would be caught by surprise at trial. Thus, Goins's counsel clearly articulated how the State's failure to describe the property in the indictment hindered her ability to prepare a defense.

"[T]he accused has the right to notice that is specific enough to allow [her] to investigate the allegations against [her] and establish a defense." *Moff*, 154 S.W.3d at 602. Viewing the allegations in the indictment from Goins's perspective, we conclude count one failed to provide Goins with sufficient notice to allow her to anticipate the State's evidence and to prepare a defense.

*See Adams*, 707 S.W.2d at 903; *Drumm*, 560 S.W.2d at 947. Therefore, the trial court did not err in quashing count one of the indictment.

## CONCLUSION

We conclude the State procedurally defaulted its complaint on appeal by failing to challenge all independent grounds supporting the trial court's order. Alternatively, we conclude the trial court did not err in quashing count one of the indictment because it failed to provide Goins with sufficient notice to prepare a defense. We affirm the trial court's order.

Irene Rios, Justice

Do not publish